IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 18, 2006

# ROBIN KUYKENDALL v. MARGARET HARPER

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-4-05     Hon. Dale C. Workman, Circuit Judge**

**No. E2005-01756-COA-R3-CV  - FILED FEBRUARY 22, 2006**

Plaintiff sued for attorney's fees under contract of employment with defendant.  The Trial Court awarded Judgment for fees.  Both parties appealed.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Robin S. Kuykendall, Knoxville, Tennessee, *pro se*.

Margaret E. Harper, Loudon, Tennessee, *pro se*.

## OPINION

This action was initially brought in Sessions Court, seeking a Judgment by the plaintiff for attorney's fees incurred by defendant.  Following the Sessions Court Judgment the matter was appealed to Circuit Court and the Circuit Court entered the following Judgment quoted in pertinent part:

> 1.     The parties entered into a valid attorney-client contract relative to the case of *Harper v. Aesthetics, Inc., et al.*;
>
> 2.     The attorney, Robin S. Kuykendall, performed her duties according to the terms of the contract;

3.    The client, Margaret E. Harper, paid attorney a total of $7,104.60 for fees and services rendered under the contract;

4.    That attorney was owed a total fee of $20,000.00;

5.    The amount owed on the bill is found to be $13,895.00;

6.    The contract provided for collection fees, expense, and court costs;

7.    The attorney is owed $3,000.00 for such collection fees and expenses in this matter.

Judgment was entered for the amount of $16,895.00 against the defendant.  Both parties have appealed to this Court, but appellant Margaret E. Harper did not file a brief in this Court.

The plaintiff has raised several issues on appeal, which we consolidate and restate. Essentially, plaintiff raises as an issue the failure of the Trial Court to grant her summary judgment and that the Trial Judge failed to award her all of the attorney's fees and collection costs to which she was entitled under the Contract between the parties.  Finally, she asks the Court to find that defendant's appeal is frivolous.

In the Circuit Court plaintiff filed a Motion for Summary Judgment which the Trial Judge refused to grant, and held that an evidentiary hearing should be conducted on the issues.

As the general rule, when a summary judgment is overruled and the issues go to trial, the failure of the trial judge to grant a summary judgment is not reviewable on appeal.  *Wagner v. Fleming*, 139 S.W.3d 295 (Tenn. Ct. App. 2004); *Hobson v. First State Bank*, 777 S.W.2d 24 (Tenn. Ct. App. 1989).  Our review of the record established that this case falls within the rule, and we decline to address these issues.

Plaintiff strenuously argues that she is entitled to more fees and costs than the Trial Court awarded.  The Trial Court's Judgment comes to us with a presumption of correctness unless the evidence preponderates against the judgment.  Tenn. R. App. P. 13(d).  The evidence does not preponderate against the Trial Court's findings.  The Trial Court heard the evidence, reviewed the Contract between the parties, and the Judge in his findings said, quoting from the Contract:

"I understand that the minimum fees which will be charged, will be based upon an hourly rate of $100 per hour."

And Ms. Kuykendall, actually, is billing at a higher rate.  And by contract, it says $100 an hour is a minimum bill.

"In the event the minimum hourly rate changes, you will give me at least 60

days notice of such change, which from thereafter will be effective."

So I assume we've got $100 an hour charge.

At trial, plaintiff objected to this finding, but the Trial Court held that she did not give defendant notice pursuant to the terms of the Contract as to the increase in the hourly rate.

There is no dispute about the propriety of the legal services rendered in this case or the hours expended, and where an attorney discharges his or her duties appropriately, he or she is entitled to reasonable agreed-upon compensation for those services. *See, Starks v. Browning*, 20 S.W.3d 645 (Tenn. Ct. App. 1999). Our review of this case reveals the Trial Judge enforced the Contract according to its terms, and we concur in the Trial Court's finding that plaintiff is entitled to fees and costs in the amount awarded and that such fees are reasonable. We accordingly affirm the Trial Court's Judgment.

Finally, plaintiff argues that this Court should find that defendant's appeal is frivolous and seeks attorney's fees, costs and interest pursuant to Tenn. Code Ann. § 27-1-122. We find this issue to be without merit, because both parties filed separate notices of appeal on the same date, and both appeals were found to be without merit.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed one-half to Robin S. Kuykendall, and one-half to Margaret E. Harper.

_____
HERSCHEL PICKENS FRANKS, P.J.